1  SHANE BERNARD, ESQ. (SBN 298662)
   BERNARD & BERNARD
2  10990 Wilshire Blvd. Suite 1050
3  Los Angeles, CA 90024
   T. 310-312.0220
4  Attorney for Plaintiff, Vincent Cammarata

EMERGENCY MOTION – EXPEDITED ACTION REQUESTED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADELEINE CAMMARATA, an individual, VINCENT CAMMARATA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ONELEGACY FOUNDATION, a California Nonprofit, DONATE LIFE CALIFORNIA, a California Nonprofit Public Benefit Corporation, CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, and DOES 1-50,<br><br>Defendant. | No. 2:20-cv-10446 |

PLAINTIFF'S EMERGENCY MOTION

FOR A TEMPORARY RESTRAINING ORDER

Plaintiff, by and through her husband Vincent Cammarata, and pursuant to FED. R. CIV. P. RULE 65(b), hereby requests that this Court issue a temporary restraining order restraining Defendant OneLegacy Foundation, Donate Life California, and the California Department of Motor Vehicles, and their agents, employees, successors, attorneys, and all those acting in active concert or participation with them, from withholding life support and harvesting organs from

1

Plaintiff Madeleine Cammarata pending a resolution of this matter on the merits. Plaintiff request emergency relief due to the exigency of the circumstances and the irreparable harm that will follow that the TRO would prevent.

A temporary restraining order generally requires a two-part test: (1) irreparable harm / immediate danger will occur before a motion for injunction can be heard, (2) and the threatened harm outweighs the harm to the opposing party. Moreover, an applicant should make efforts to give notice or provide reasons why notice should not be required.

In the case at hand, Plaintiff is a religious woman with a religious husband and mother. Plaintiff, and her family, are religiously opposed to organ donations, and believe that having a body mutilated for purposes of organ donation is contrary to their religious tenants and, in their beliefs, will prevent Plaintiff from going to heaven. Specifically, the Orthodox Judaism religion that Plaintiff strenuously follows believes in an open casket funeral and a body that is not opened or otherwise mutilated after death. This even includes a prohibition on the morgue dressing a body. Moreover, the Plaintiff, prior to her initial injury on or about January 2017, discussed with her family that, if an untimely death occurs, she does not want to be an organ donor due to religious reason, and that it would prevent her from moving onto heaven.

Plaintiff suffered from a variety of neurological issues including traumatic brain injury, seizures, bipolar syndrome, and major mental incapacity. On or about January 2017, Plaintiff was injured in a fall from the roof of her home, and incurred significant neurological trauma. The severity was major, and Plaintiff's mother, Irene Weinstein, even had to take her daughter to Los Angeles County mental health services due to concerns regarding her mental health, decision faculties, and mental capacities. Plaintiff Madeleine Cammarata's cognitive issues were so severe that her mother, Irene Weinstein, was intending to petition for conservatorship prior to Plaintiff's untimely death, as a result of to Plaintiff's erratic behavior and non-linear thought processes.

During this period, in which Plaintiff had no ability to make rational decisions, Plaintiff was induced to sign off on the donor registry list, despite her well-professed religious beliefs and her notable lack of capacity, in order to obtain her driver's license. On information and belief, California compulsively places individuals on the donor registry without affirmative consent

when they apply for their driver's license.

On or about November 12, 2020, Plaintiff's husband, Plaintiff Vincent Cammarata found his wife, Plaintiff Madeleine Cammarata, unresponsive and promptly rushed her to the hospital. She was taken to Providence St. Johns Hospital in Santa Monica, California. Subsequently, Plaintiff was declared brain dead by medical personnel at the aforementioned facility. Despite Plaintiff's husband informing the Defendants of Plaintiff's religious beliefs and prior aversion to organ donation, Defendant's proceeded to schedule an organ extraction for Sunday, November 15, 2020. This is in spite of previously notifying Plaintiff's husband that the organ extraction surgery would occur on Monday, November 16, 2020.

Plaintiff, Vincent Cammarata, has protested this procedure to the Defendants on multiple occasions. He has informed the Defendants on myriad occasions that his and Plaintiff's religious beliefs absolutely forbid this procedure, and that Plaintiff, while she had capacity, had on many occasions professed a desire to never donate her organs. Specifically, Mr. Cammarata notified LegacyOne Foundation that he and his wife vehemently opposed organ donation and that he wanted an opportunity to discuss with doctors his wife's condition prior to being taken off of life support. LegacyOne Foundation has refused to consider these requests and is hellbent on harvesting her organs, eyes, and bodily tissue despite her religious beliefs, her families religious beliefs, and the facts that the family has not had an opportunity to consult with others regarding her condition.

Should Plaintiff's organs be harvested, this would create an irreparable harm, and cause significant damage to Plaintiff and her family, a harm that could not be undone or mitigated. Similarly, the threatened harm to the Plaintiff would significantly outweigh any potential harm to the Defendants. Specifically, the Plaintiff is on life support and, on information and belief, her organs are not in present danger of failing. Therefore, postponing this extraction would not cause any significant harm to the Defendants, while, simultaneously, sparing the Plaintiff and her family from grievous harm.

As a result of these facts, the Plaintiff's 14th amendment due process rights are being violated. The Plaintiff was indued to donate her organs by a California state program that enrolled

her in Defendant's organ donation system, during a period in which she lacked the mental capacity to lawfully enroll. Moreover, this program is in violation of Plaintiff's first amendment rights to practice her religion, free and clear from Government intrusion, which has occurred by California unlawfully forcing Plaintiff into Defendant's organ donation program despite her religious beliefs that run contrary to organ donation.

If this organ extraction operation scheduled for November 15, 2020 is not enjoined, this irreparable harm will occur before Plaintiff's standard motion for an injunction can be heard. Additionally, Plaintiff, by and through her husband, Vincent Cammarata, and his attorney, have attempted to contact the Defendants on multiple occasions, with no successful outcome. In light of this, this Court should issue an emergency temporary restraining order to preserve the rights of the parties pending a resolution of this matter on the merits. Considering the breadth of the potential harm to the Plaintiff and her family, and the relative insignificant harm to the Defendants if the motion is granted, a temporary restraining order is the best mechanism to preserve the interests involved until the Defendants are afforded an opportunity to respond and the Court may consider the benefits of more lasting relief.

For the forgoing reasons, Plaintiff, Madeleine Cammarata, by and through her husband Vincent Cammarata, requests this Court issue, on an interim, ex parte basis, an order restraining the Defendants from operating on Plaintiff and/or removing her organs.

Respectfully Submitted,

/s/ *Shane Bernard*
Shane Bernard (CA Bar No. 298662)
Bernard & Bernard
10990 Wilshire Blvd. Suite 1050
Los Angeles, CA 90024
Phone: (310) 312-0220
sjb@bblaw.org

November 14, 2020          *Attorney for Plaintiff*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2020, I electronically filed this motion for a temporary restraining order through this Court's CM / ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Shane Bernard*

Shane Bernard