Brian L. Hoffman (State Bar No. 150824)
bhoffman@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Phone: 310-481-7600 ♦ Fax: 310-481-7650

Attorneys for Defendant, ONELEGACY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MADELEINE CAMMARATA, an individual, VINCENT CAMMARATA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ONELEGACY FOUNDATION, a California Nonprofit, DONATE LIFE CALIFORNIA, a California Nonprofit Public Benefit Corporation, CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, and DOES 1-50,<br><br>Defendants. | Case No. 2:20-cv-10446<br><br>**DECLARATION OF BRIAN L. HOFFMAN IN RESPONSE TO PLAINTIFFS' TEMPORARY RESTRAINING ORDER**<br><br>The Hon. Philip S. Gutierrez<br><br>Trial Date: None Set |

I Brian L. Hoffman, do declare and state as follows:

1. I represent OneLegacy, the federally designated organ procurement organization (OPO) serving Southern California pursuant to the National Organ and Transplant Act (42 U.S.C. 273, et. seq.). One Legacy is the sole organization authorized, enabled, and in fact, required under Federal and State law to facilitate the wishes of *deceased* organ donors to gift their organs for transplant. See also California Health and Safety Code Section 7150.5 et seq, the Uniform Anatomical Gift Act.

/ / /

2. On Sunday, November 15, 2020, an employee of OneLegacy was served a copy of the TRO ruling. OneLegacy was unaware of any attempt to communicate that a TRO was being sought in this matter prior to the service of the Order itself. To the best of our knowledge, the Ex Parte Motion hearing, and the Motion papers, were neither referenced or served by plaintiff's counsel, despite his conversations with OneLegacy representatives. It is respectfully submitted that the subject Ex Parte Motion was undertaken in a clandestine manner, to hinder OneLegacy's opportunity to properly address fallacious statements and contentions.

3. OneLegacy has multiple 24/7 telephone lines, which record all outgoing and incoming calls. From review of the call-log, there is no evidence of an attempt to by counsel to contact the company through this means regarding the TRO.

4. The records reflect that Plaintiff's counsel spoke with a representative of OneLegacy on November 14, 2020 at 7:13 p.m., but did not inform OneLegacy of his intention to seek a Restraining Order. The conversation involved the Declaration of Death.

5. The Order served upon OneLegacy contains numerous material misstatements of fact. We do not opine as to whether counsel for plaintiff was misled, or whether investigation could have led to ascertaining the actual facts, but we do firmly believe that the Order was erroneously issued based on these untruths.

6. Point by point, we attempt to address the contentions of plaintiff:

**"Plaintiff agreed to join the donor registry in January 2017"**

First, given that the patient in this matter has been deceased since November 11, we assume that the motion is referring to the decedent Cammarata, not plaintiff. The patient in question has consistently registered her desire to donate her organs by registering with the Donate Life California Registry **since at least 2011**, and has not changed that decision since, including upon her most recent interaction with California Motor Vehicles, on June 4, 2019. See attached Document of Gift. Such

is directly to the contrary of plaintiff's assertion that she made her decision to donate after an ostensible brain injury in 2017.

7. Further, registering with the Donate Life California does not involve any element of compunction. Donation in California is undertaken by an affirmative act. It is utterly "OPT-IN" donation, completely apposite to the State sponsored recovery of corneas that was at issue in the *Newman* case, a wholly inapplicable case. Unlike the *Newman* case, there is no State action in this case, and the only interest that is subject to irreparable harm in this matter is that of the deceased individual, and the people whose lives she repeatedly expressed a desire to serve.

8. Registration with the Donate Life California Registry is the preferred legal means for making a post-mortem anatomical gift. Any change of mind by the donor can be readily acted upon by mail or online. Revocation by means of hearsay, hoisted by a loved one, which is what is being attempted by means of this Order, is expressly prohibited by the Act.

**"Three days ago, on November 12, Plaintiff was declared brain dead."**

9. Plaintiff was declared dead by neurologic criteria on November 11, not November 12. This is significant because the ability of a decedent's body to yield healthy organs begins to degrade, which is why in its clinical judgment, OneLegacy needs to recover organs today, in order to assure their viability.

**"The organ donation program forced her to enroll while mentally incompetent"**

10. There has been no evidence or allegation of the use of force by OneLegacy or any other actor with regard to the deceased's unrevoked decision to save lives by donating her organs post-mortem. There has been no evidence or documentation shared with OneLegacy that would lead them to believe that the patient was not of sound mind when she made her initial decision to be a donor. Nor has there been documentation that she was ever determined to be incapacitated or unable to make a testamentary decision at any time before or since 2011.

**"The moving party must establish that it will suffer irreparable harm"**

11. The only irreparable harm, that which cannot be cured my monetary relief, is the cost to the legacy of Ms. Cammarata, and the cost of life and health to the recipients she intended to benefit. The actions of Plaintiff are in direct contravention of the Uniform Anatomical Gift Act. In this case, delay of organ recovery permanently and irrevocable thwarts this statutory right.

**"The court rules based upon an opt-out donation scheme."**

12. Again, this is not a case of opt- out donation, nor does any such "scheme of opt-out donation" exist in California, and it has not since at least 2007. What the Court's action is destroying is the right of the decedent to leave a legacy of life, through her written testamentary wish, a right that has been in extant in California since the late 60's.

**Plaintiff alleges that the public interest is not harmed by delaying the organ recovery.**

13. In fact, the order delays resolution, by its terms until November 24 or later. The organs will no longer be viable after today, November 17, a fact which could have been brought to the court's attention had notice been attempted.

**"Plaintiff has attempted to contact the Defendants on multiple occasions with no successful outcome"**

14. This is simply false. Plaintiff's counsel has in fact been in touch with OneLegacy, but did not bring up any of the allegations of this Order in those conversations, nor was Notice of the Ex Parte ever provided.

15. The Court is respectfully requested to reverse it's ruling on the TRO and allow OneLegacy to proceed with its legally obligated duties mandated by the Uniform Anatomical Gift Act.

///

///

///

1  I declare under penalty of perjury, under the laws of the State of California,
2  that the foregoing is true and correct. Signed this 17th day of November, 2020.

By: _____
    BRIAN L. HOFFMAN
    Declarant

**PROOF OF SERVICE**
**Cammarata v. OneLegacy**
**2:20-cv-20-10446**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

On November 17, 2020, I served the following document(s) described as **DECLARATION OF BRIAN L. HOFFMAN IN RESPONSE TO TEMPORARY RETRAINING ORDER** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I placed true copies of the foregoing document(s) enclosed in sealed envelopes addressed as shown on the Service List. I am "readily familiar" with Wood, Smith, Henning & Berman's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address mhernandez@wshblaw.com to the persons at the electronic notification address listed in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was not successful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 17, 2020, at Los Angeles, California.

/s/ Martha B. Hernandez
Martha B. Hernandez

**SERVICE LIST**
**Cammarata v. OneLegacy**
**2:20-cv-20-10446**

SHANE BERNARD, ESQ. (SBN 298662)
BERNARD & BERNARD
10990 Wilshire Blvd. Suite 1050
Los Angeles, CA 90024
Tel: (310) 312-0220
Email: sjb@bblaw.org
**Attorney for Plaintiff, VINCENT CAMMARATA**

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

16124733.1:05000-0955

-7-

DECLARATION OF BRIAN L. HOFFMAN IN RESPONSE TO PLAINTIFFS' TEMPORARY RESTRAINING ORDER